UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

TRI-COASTAL DESIGN GROUP, INC., a New Jersey Corporation,

                Plaintiff,

                CIVIL ACTION
                Case No.:

                **COMPLAINT**
    v.            (Demand for Jury Trial)

PARCEL & JOURNEY, LLC, a New York Limited Liability Company, JOANNA STEINBERG, an individual, and Does 1-10,

                Defendants.

-------------------------------------------------------------X

Plaintiff Tri-Coastal Design Group, Inc. (hereinafter "Plaintiff" or "Tri-Coastal"), by and through its undersigned attorneys, The Law Offices of Tedd S. Levine, LLC, alleges as follows:

**PARTIES**

1. Plaintiff Tri-Coastal is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 49 West 37th Street, New York, NY 10018.

2. Upon information and belief, defendant Parcel & Journey, LLC ("Parcel & Journey"), a limited liability company organized and existing under the laws of the State of New York, having a principal place of business at 2 Tudor City Place, Suite 14BN, New York, NY 10017.

3. Upon information and belief, defendant Joanna Steinberg ("Steinberg"), is an individual, having a principal place of business or otherwise resides at 2 Tudor City Place, Suite 14BN, New York, NY 10017.

4. Does 1-10 are individuals and business entities whose complete identities are presently unknown to plaintiff, and, upon information and belief, were and continue to be involved with claims described in this Complaint. When the identities of these parties become known to plaintiff, those Defendants and the acts they engaged in will be described in an amended complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action on the following bases:

   a. Under 28 U.S.C. § 1331, since this action involves questions arising under 15 U.S.C. §1116, 15 U.S.C. §1117, and 15 U.S.C. §1125(a); and

   b. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction.

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) and (c), since (i) a substantial part of the events giving rise to plaintiff's claims occurred in the Southern District of New York and Defendants do business in this jurisdiction; (ii) Defendants have offices in this judicial district and, upon information and belief, defendant Steinberg resides in this judicial district; (iii) Defendants operate a fully interactive website that permit consumers to purchase products and have them shipped directly to an address designated by such consumers in this judicial district; and

2

(iv) upon information and belief, on more than one occasion, Defendants shipped products using the trademark PARCEL® (the "Trademark") or a mark likely to cause confusion with the Trademark to consumers in this judicial district.

7. The United States District Court, Southern District of New York has personal jurisdiction over Defendants.

## NATURE OF THE ACTION

8. This is an action arising under the Lanham Act for false designation of origin, false descriptions, dilution, and unfair competition, 15 U.S.C. §1125(a), and for substantial and related claims under the laws of New York State.

## FACTS

9. Tri-Coastal is in the business of manufacturing, promoting and selling handbags, purses, wallets, and cosmetic bags, *inter alia*.

10. Tri-Coastal owns the following trademark registrations (see Exhibit A attached):

| Serial Number | Reg. Number | Word Mark |
|---|---|---|
| 76314247 | 2777280 | PARCEL |
| 86051999 | 4569912 | PARCEL |

11. In or about July 2015, Tri-Coastal first learned that Defendants were using the Trademark or a mark likely to cause confusion with the Trademark to sell handbags and purses without Tri-Coastal's authorization or sponsorship. More specifically, Defendants operate a website under the URL (Uniform Resource Locator) address http://parcelandjourney.com. This website is fully interative and permits consumers to order and pay for products online and have such products shipped directly to them. Consequently, Defendants are selling and, upon information and belief, profiting from the

3

sale of handbags and purses, and like products using the Trademark or a mark likely to cause confusion with the Trademark.

12. On or about July 6, 2015, Defendants were sent a letter demanding that they cease & desist from using the Trademark or a mark likely to cause confusion with the Trademark and provide a detailed accounting to Tri-Coastal of all such infringements. Defendants ignored the demand and continues to solicit business through its interactive website and engage in additional commercial activity using the Trademark or a mark likely to cause confusion with the Trademark.

13. Upon information and believe, Defendant Steinberg is the moving, active, and conscious force behind Defendant Parcel & Journey's infringement of the Trademark.

14. Through the date hereof, Defendants solicited and continue to solicit business in New York and elsewhere through their interactive website, and engaged, and continue to engage in additional commercial activity in New York.

## COUNT I - FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

15. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 14 hereof as if fully set forth herein.

16. Defendants use of Parcel & Journey is likely to cause confusion with the Trademark and constitutes the use of false or misleading designations of origin and/or false representations of fact in violation of 15 U.S.C. § 1125(a), in that such conduct is likely to cause consumers to be confused, mistaken or deceived into believing that the products sold under the offending website originate with or is sponsored by Plaintiff,

4

and/or Defendant Parcel & Journey is an authorized licensee, distributor or retailer of Plaintiff.

17. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

18. Such conduct on the part of Defendants has caused and will continue to cause damages to Plaintiff in an amount to be determined.

COUNT II - N.Y. GENERAL<br>BUSINESS LAW § 360-1

19. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 18 hereof as if fully set forth herein.

20. Defendants' activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiff, and to dilute the distinctive quality of the Trademark and all rights held thereunder, in violation of the General Business Law of the State of New York.

21. Such conduct on the part of Defendants has violated and is continuing to violate Section 360-1 of the New York General Business Law.

22. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

23. Such conduct on the part of Defendants has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT III - N.Y. GENERAL BUSINESS LAW § 133

24. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 23 hereof as if fully set forth herein.

25. Defendant Parcel & Journey trades under the name "Parcel & Journey" with intent to deceive or mislead the public into believing its products are sponsored by or originate with Plaintiff. Such trade name, "Parcel & Journey", uses the Trademark for advertising purposes and for the purposes of selling products.

26. Such conduct on the part of Defendants has violated and is continuing to violate Section 133 of the New York General Business Law.

27. Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

28. Such conduct on the part of Defendants has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

1. Permanently enjoining and restraining Defendants and their members, officers, directors, principals, servants, employees, successors and assigns, partners, and all those in active concert or participation with them, from:

   (a) imitating, copying or making unauthorized use of the Trademark or any mark that is confusingly similar to the Trademark;

(b) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any mark that is confusingly similar to the Trademark;

(c) engaging in any other activity, including the effectuation of assignments or transfers of interests including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(a) and 1(b) above;

(d) using the Trademark, including all trademarks that if used in commerce are likely to cause confusion that Plaintiff is the source and/or sponsorship of the related goods;

(e) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trademarks that if used in commerce are likely to cause confusion that Plaintiff is the source and/or sponsorship of the related goods;

(f) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trademark which serves to dilute, or tends to dilute, Plaintiff's image, the Trademark, or the reputation or the distinctive quality of any of Plaintiff's products;

(g) making any statement or representation whatsoever, with respect to the Trademark that falsely designates the origin of products or is false or misleading in any way;

(h) engaging in any other activity constituting unfair competition with regard to the Plaintiff, and/or the Trademark; and

(i) engaging in any other activity, including the effectuation of assignments or transfers of interests, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(d) through 1(h) above.

2. Directing such other relief as the Court may deem appropriate to prevent the unauthorized use of the Trademark.

3. Directing that Defendants deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in their possession, custody or control bearing the Trademark, including all plates, molds, matrices and other means of making such simulations of the Trademark.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff, or related to or associated in any way with the Trademark.

5. Requiring Defendants to account and pay over to Plaintiff all profits realized by (a) their infringement and counterfeiting of the Trademark, and (b) their false designation of origin or false representations of fact.

6. Requiring Defendants to account and pay over to Plaintiff three times all of the illicit profits since Defendants generated them willfully.

7. Awarding Plaintiff damages representing three times the amount of Plaintiff's actual damages incurred by reason of the facts and occurrences alleged herein.

8. Consequential damages to be determined.

9. Awarding Plaintiff its costs and reasonable attorneys', expert witness, and investigating fees, together with pre-judgment interest.

10. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
August 21, 2015

Respectfully submitted,

THE LAW OFFICES OF TEDD S. LEVINE, LLC
Attorneys for Plaintiff

By: _____
Tedd S. Levine, Esq. (TL 0158)
1305 Franklin Avenue, Suite 300
Garden City, NY 11530
(516) 294-6852

# Exhibit A

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

**United States Patent and Trademark Office**

Reg. No. 2,777,280
Registered Oct. 28, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## PARCEL

TRI-COASTAL DESIGN GROUP, INC. (NEW JERSEY CORPORATION)
C/O BALDINGER & LEVINE, LLC
1065 ROUTE 22 WEST - SUITE 101
BRIDGEWATER, NJ 08807

FOR: HANDBAGS, PURSES, WALLETS, AND COSMETIC BAGS SOLD EMPTY, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 12-22-2000; IN COMMERCE 12-22-2000.

SER. NO. 76-314,247, FILED 9-18-2001.

TINA L. SNAPP, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office

# PARCEL

**Reg. No. 4,569,912**
**Registered July 15, 2014**
**Int. Cl.: 20**

**TRADEMARK**
**PRINCIPAL REGISTER**

TRI-COASTAL DESIGN GROUP, INC. (NEW JERSEY CORPORATION)
20 HARRY SHUPE, UNIT 2
WHARTON, NJ 07885

FOR: DECORATIVE WALL PLAQUES MADE OF A COMPOSITE WOOD MATERIAL, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 5-30-2013; IN COMMERCE 5-30-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 86-051,999, FILED 8-29-2013.

JULIE GUTTADAURO, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office